

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-88,792-01

### EX PARTE ERASMO GARCIA RAMIREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W-12-12531-U(A) IN THE 291ST DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of continuous sexual abuse of a child and sentenced him to forty years in prison. The Fifth Court of Appeals affirmed the conviction in an unpublished opinion. *Ramirez v. State*, No. 05-13-01514-CR (Tex. App.—Dallas del. Oct. 30, 2014, PDR ref'd).

Applicant, through habeas counsel, raises several claims of ineffective assistance of trial counsel. He has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). There is no

response from trial counsel in the record provided to this Court, and there are no findings from the trial court. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order Applicant's trial counsel to respond to Applicant's claims of ineffective assistance by explaining counsel's representation of Applicant, including applicable strategy and tactical decisions. To obtain the response, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall make findings of fact and conclusions of law regarding the claims raised in the habeas application. The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 19, 2018
Do not publish